## THE N. & W. 2.

### THE VERMONT.

(District Court, S. D. New York. January 21, 1904.)

1. COLLISION—SETTLEMENT OF DECREE—CONSTRUCTION OF STIPULATION.
    Where, pending cross-actions for collision in an admiralty court, the parties stipulated that damages recovered against either in actions by third persons arising out of the collision, or sums paid in settlement, should be assessed as damages in the collision suit, if the party paying was successful the court will not enter a decree in such suit while outside actions for damages are still pending and undetermined.

In Admiralty. Suits for collision. Sur settlement of final decree. See (D. C.) 122 Fed. 171.

Wilcox & Green, for Brooklyn Ferry Co. of New York and the Vermont.

Convers & Kirlin, for Baltimore & Boston Barge Co. and the N. & W. 2.

ADAMS, District Judge. The parties to this collision, between the tug N. & W. 2 and the Ferryboat Vermont, entered into a stipulation of which the following is a copy:

"Whereas a collision took place in the East River on the 27th day of January, 1902, between the ferryboat Vermont of the Brooklyn Ferry Company of New York and the steam tug N. & W. 2 of the Baltimore and Boston Barge Com-

pany, and the said Ferry Company has brought the above suit in admiralty to recover damages claimed by it to have been sustained by reason of injuries to said ferryboat in said collision; and

"Whereas the said Baltimore and Boston Barge Company intends to file a cross libel against said ferryboat for such damages as it claims to have sustained by reason of injuries to said tug in said collision;

"Whereas certain persons claiming to have been passengers on said ferryboat at the time of said collision have made claims for personal injuries alleged to have been sustained by them in said collision, and one of said persons, viz., Johanna Frank, has brought an action in the New York Supreme Court, New York County, against said Baltimore and Boston Barge Company and said Ferry Company, and other claims of like nature have been, and may hereafter, be brought; it is hereby

"Stipulated and agreed between the said Ferry Company and the said Baltimore and Boston Barge Company that if either of said companies make settlement of said suit, and any other suits or claims for personal injuries as aforesaid, or any claim or suit brought by the husband of any woman claimed to have been injured in said collision, it shall be entitled, if it is the successful party in the said collision suits, to include in its damages any sum or sums so paid in settlement; and if the Court shall hold, in said collision suits, that both vessels were in fault and shall divide the damages, any sum or sums so paid in settlement by either party shall be deemed a part of the damages to be divided, in all respects as if they were repair bills, or any other item which is usually allowed on division of damages.

"Either party making settlement as aforesaid shall endeavor to obtain the best possible terms.

"Dated, New York, March 6, 1902."

The actions in this court were subsequently tried and a decision rendered in favor of the Vermont, reported 122 Fed. 171. The actions provided for in the stipulation have not been tried nor disposed of.

The owner of the Vermont now desires to enter a decree providing for the recovery of the damages already ascertained, in this court, and as follows:

"And it appearing that by a stipulation made between the libellant and the claimant herein, dated March 6th, 1902, prior to the trial and decision of this cause (a copy of which stipulation is hereto annexed), it was recited that certain persons claiming to have been passengers on libellant's ferryboat Vermont at the time of the collision out of which this cause arose, had made claims for personal injuries alleged to have been sustained by them in said collision, and that one of said persons, viz., Johanna Frank, had brought an action in the New York Supreme Court, New York County, against the libellant and the claimant herein, and that other claims of like nature had been, and might thereafter be, brought, and it also appearing that by said stipulation it was stipulated and agreed between said parties that if either of them should make settlement of said suit, and any other suits or claims for personal injuries as aforesaid, such party, if successful in this cause and a cross-action brought by the said claimant, should be entitled to include in its damages any sum or sums so paid in settlement; and the said Commissioner having reported in his said report that there are two outstanding damage claims against libellant herein arising out of said collision, and that the same are made by persons claiming to have been passengers on said ferryboat at the time of said collision, one of said claims being the said action brought by said Johanna Frank, for $10,000, and the other, an action brought by one Samuel Bassel against the libellant in the New York Supreme Court, Kings County, for $10,000, and both of said claims being for personal injuries alleged to have been sustained by reason of said collision; and it appearing that both of said actions are now pending, it is further

"Ordered, adjudged and decreed that if libellant shall hereafter in good faith pay, or be compelled to pay, any sum or sums in settlement of said suits of Johanna Frank and Samuel Bassel, or either of them, then such right as libellant would have had, under said stipulation or otherwise, to enforce repay-

ment of said sum or sums from claimant and its stipulators herein, if this decree had not been entered, shall in no respect be deemed to have been waived, impaired or prejudiced by the entry and payment of this decree."

The claimant of N. & W. 2 objects to these provisions on the ground that the stipulation expires with the entry of a decree and that the decree in the form proposed by the Ferry Company would not be final. And it further objects because, there should be no provision for the settlement of the actions, even in good faith, without claimant's consent. It, therefore, proposes a decree which, in this connection, provides:

"Ordered, adjudged and decreed that if libellant shall hereafter be compelled to pay, or shall, with the claimant's consent pay, any sum, or sums in settlement of said suits of Johanna Frank and Samuel Bassel, or either of them, the entry of this decree shall be deemed to be without prejudice to the right of the libellant to institute such further proceeding or proceedings as it may be advised for the recovery of such amount against the steamtug N. & W. 2 or its owner, the Baltimore & Boston Barge Company."

The claimant of the Vermont objects to the provision proposed on behalf of N. & W. 2, because it is in derogation of the stipulation in the sense of a consent being made necessary to settlements and, in effect, ignores the stipulation altogether.

It seems that a decree in the form proposed by the Ferry Company, while these actions in the State Courts are undetermined, would not be a final and appealable decree. I do not, therefore, consider that I would be justified in signing the decree proposed on its behalf. The Ferry Company's objections to the decree proposed on behalf of the N. & W. 2, are equally valid. It evidently was not intended that the stipulation should expire with the entry of a decree, nor that consents should be necessary for settlements of the outstanding claims. The court can not make a new stipulation for the parties. They must abide by the one they have made themselves.

At this time, the actions do not seem to be in a condition for adjustment and I do not, therefore, sign the decree proposed by either party.